**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1263

———————

JEFFREY BUTLER,
                              Appellant
                    v.

LIEUTENANT CONRAD LAMONT,
Individually, and his official capacity as a Corrections Official;
JOHN/JANE DOE GUARDS #1-X Individually, and In Their
Official Capacities as Corrections Officers;
JOHN/JANE DOE SUPERVISORS #1-X,
Individually, and In Their Official Capacities as
Prison Supervisory Personnel; TODD BUSKIRK, Individually, and his Official
Capacity as Warden of Northampton County Prison; ARNOLD MATOS,
Individually and His Official Capacity as Director of Corrections;
JOHN STOFFA, Individually and His Official Capacity as County Executive;
THE COUNTY OF NORTHAMPTON

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-14-cv-03733)
District Judge: Honorable James Knoll Gardner

———————————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on Monday October 24, 2016

Before:  VANASKIE, KRAUSE and NYGAARD, *Circuit Judges*

(Opinion filed: November 28, 2016)

———————

KRAUSE, *Circuit Judge.*

After suffering an alleged beating at the Northampton County Prison, Jeffrey Butler sued unnamed corrections officers, various prison and county administrators, and Northampton County. Butler now appeals the District Court's dismissal of the unnamed corrections officers from the suit and the District Court's grant of summary judgment to the other defendants. For the reasons that follow, we will affirm the dismissal of the unnamed corrections officers, affirm the grant of summary judgment to the prison and county administrators, reverse the grant of summary judgment to Northampton County, and remand for proceedings consistent with this opinion.

## I. Background

Butler was an inmate at Northampton County Prison in 2012, when prison officials observed him in his cell "yelling about saving the children that were stuck in his cell wall." App. 142. A nurse ordered that Butler be placed on suicide watch, and corrections officers moved him to a designated suicide cell. Butler alleges that the corrections officers then forced him to undress and "savagely and brutally beat [him], breaking three of his ribs." Appellant's Br. 7.

Advancing constitutional violations under 42 U.S.C. § 1983, Butler sued unnamed corrections officers, corrections officer Conrad Lamont, prison administrators, the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

County Executive, and Northampton County itself.[1]  In an October 2014 discovery scheduling order, the District Court allowed Butler until January 30, 2015 to amend his complaint and to name corrections officers other than Lamont as defendants.  Butler did not do so.  Moreover, in August 2015, after summary judgment briefing, Butler stipulated to Lamont's dismissal from the case.

The District Court proceeded (1) to dismiss the unnamed corrections officers based on Butler's failure to amend his complaint and (2) to grant summary judgment to the remaining defendants, including to Northampton County, on the ground that the prison and county administrators lacked personal involvement in or knowledge of Butler's alleged assault and subsequent medical care.  This appeal followed.

## III.     Discussion[2]

Butler contends that the District Court erred both (1) in dismissing the unnamed corrections officers, and (2) in granting summary judgment to the prison and county administrators and to Northampton County on Butler's § 1983 supervisory and municipal liability claims.  We address each ruling in turn.

First, Butler asserts that, in dismissing the unnamed corrections officers, the District Court erred by neglecting to give Butler another opportunity to amend his complaint.  We review a District Court's decision refusing leave to amend a complaint

---

[1] Butler also brought state law claims, which are not at issue in this appeal.  The District Court granted summary judgment on the state law claims to the defendants.

[2] The District Court had subject-matter jurisdiction over Butler's § 1983 claims pursuant to 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

for abuse of discretion, *Renchenski v. Williams*, 622 F.3d 315, 324-25 (3d Cir. 2010), and we perceive none here. The District Court gave Butler ample time during discovery to amend his complaint and to name corrections officers in place of the unnamed corrections officers, but Butler did not amend at that time. Nor did Butler seek leave to amend at any point thereafter, instead stating in his brief opposing summary judgment only that he "could if necessary" ask the District Court to substitute a named corrections officer for one of the unnamed corrections officers. App. 324 n.2. Because the District Court was required neither to construe Butler's statement as a motion for leave to amend nor sua sponte to amend Butler's complaint on his behalf, *see United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013), the District Court's decision to dismiss the unnamed corrections officers was not an abuse of discretion, *see generally Hindes v. FDIC*, 137 F.3d 148, 155-56 (3d Cir. 1998).

Second, Butler contests the District Court's grant of summary judgment to the prison and county administrators and to Northampton County on Butler's § 1983 supervisory and municipal liability claims. We review a district court's grant of summary judgment de novo, *Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011), and we will affirm when the moving party has established that "there is no genuine dispute as to any material fact" and, viewing the facts in light most favorable to the non-moving party, "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *Moore v. City of Phila.*, 461 F.3d 331, 340 (3d Cir. 2006). Applying this

4

standard, the District Court correctly granted summary judgment to the prison and county administrators, but it erred in granting summary judgment to Northampton County.

On the supervisory liability claims against the prison and county administrators, although Butler attempted to establish the administrators' knowledge of and acquiescence in Butler's alleged beating by reference to historical problems at the Northampton County Prison, that evidence is insufficient to establish "actual" knowledge with the "particularity" necessary to impose supervisory liability. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). That is, Butler's evidence did not relate to Butler's own alleged beating but rather to other alleged misconduct at the prison, and the administrators' knowledge of other misconduct does not equate to "actual knowledge" of the beating so that summary judgment was proper as to those individuals.[3] *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1207-08.

On the municipal liability claim against Northampton County, however, the District Court erred by granting summary judgment based on Butler's failure to establish an underlying § 1983 violation committed by a Northampton County employee. The District Court's reasoning is contrary to our decision in *Berg v. County of Allegheny*, in which we assumed that a municipality may be liable under § 1983, even if the plaintiff

---

[3] Although Butler seems also to allege that summary judgment in favor of the prison and county administrators was improper because the District Court made an inappropriate credibility determination, the District Court's opinion never explicitly referenced Butler's credibility, and its factual summary merely recounted both Butler's and the defendants' contentions.

does not obtain a favorable judgment on § 1983 claims against the municipality's employees. *See* 219 F.3d 261, 271-77 (3d Cir. 2000) (per curiam). Rather than obtain a judgment against a municipality's employee, a plaintiff advancing a municipal liability claim must establish (a) "a violation of a federal right"—which may not necessarily arise from the liability of an individual employee—and (b) a municipal policy or custom that caused the violation. *Id.* at 268-77. By diverging from this rubric and granting summary judgment based on only Butler's inability to establish a municipal employee's liability under § 1983, the District Court erred. On remand, the District Court should grant summary judgment only (a) if there was no violation of Butler's federal rights, or (b) if, even though there was, the violation did not arise from a Northampton County policy or custom. *See Startzell v. City of Phila.*, 533 F.3d 183, 204 (3d Cir. 2008); *Berg*, 219 F.3d at 268-69, 275-77.

## IV.  Conclusion

For the foregoing reasons, we will affirm the District Court's dismissal of the unnamed corrections officers, affirm the entry of summary judgment on the claims against the prison and county administrators, reverse the entry of summary judgment on the claim against Northampton County, and remand to the District Court for proceedings consistent with this opinion.